MAUREEN ANNE O'DRISCOLL, an Infant, by DONALD O'DRISCOLL, Her Guardian ad Litem, and DONALD O'DRISCOLL, Plaintiffs, *v.* METROPOLITAN LIFE INSURANCE COMPANY, Defendant.

Supreme Court, Trial Term, Queens County, February 24, 1942.

*Thomas F. Cushing*, for the plaintiffs.

*James E. Turner* [*Arthur N. Blair* of counsel], for the defendant.

NOVA, J. This is a non-jury case. In brief, the facts are as follows: The plaintiff, an infant of about seven years, resided with her parents at 21-48 Thirty-fifth street, Long Island City. This newly-developed apartment house is owned by the defendant, Metropolitan Life Insurance Company. To make ingress and egress to the house, you pass over the public street through an

archway which leads you to a courtyard, the center of which is decorated with a grass plot and shrubs. Similarly so, the front of the buildings is grass plotted and shrubbed. Separating the grass plot and the shrubbery from the regular sidewalk is a curbed wall, the dimensions of which were not given for the record, but the pictures offered in evidence will clearly show its character. Abutting this arched entranceway into the courtyard of the apartment house, the defendant erected a low wire fence imbedded in a concrete base supported by pipes. For some time while plaintiff lived in this house with her parents, she frequently would, with many of the children who lived in the house, play a game called " walking the tight rope," along the smooth edge of the frame of this fence. They admitted that often they were chased off this fence by the watchman or superintendent, but would repeat their game when these were not about. This fence, no doubt, was put up to prevent the tenants from running on the grass plot, though there was no such fence on the front of the building where a similar situation existed. There came a time when the defendant, thinking it would prevent the children from walking on top of this fence, put down an additional layer of spikes about one and one-half to one and three-fourths inches in height and separated sufficiently so as to permit a child's foot to get in between them. A similar situation existed at other units contiguous to the property in question. The evidence indicates that similar accidents have occurred, to the knowledge of the defendant, and the pickets were allowed to remain.

On September 2, 1941, the infant plaintiff, playing this game of " tight rope walking," was assisted to the top of the pickets by her friend Margaret, who held her hand. Then Margaret let go, which was contrary to the rules of the game, as the plaintiff said, until she so said. As a result of Margaret's letting go of the plaintiff's hand, the plaintiff fell, and one of the pickets pierced the upper left thigh, cutting it to the extent that it required two stitches, and there is still evidence of the injury plainly visible to the eye, and also punctured her left breast.

There is an important question that concerns us here and that question is whether or not the permitting of these pickets to be placed upon this fence was such a dangerous hazard, knowing the propensity of children to play thereabout, as to constitute a nuisance arising out of the continuous operation of a negligent act. With the knowledge of the propensity of children to play thereabout, as is self-evident from the testimony taken, I am of the opinion that the maintenance of this fence, with the pickets thereon, was a negligent use and, more so, a nuisance.

At the end of the plaintiff's case, and again after resting without adducing any proof, defendant's attorney moved to dismiss plaintiff's complaint for failure to prove defendant's negligence and for affirmative proof, out of the plaintiff and her witnesses of contributory negligence. Decisions on those motions were reserved and are now resolved against the defendant and the motions denied. Exception to the defendant.

The low metal fence on the south side of the entrance of defendant's apartment house, surmounted by metal-pointed spikes, upon which this seven-year old child fell, created an unsafe condition of the premises for the thirty-five-child population of the apartment house. Plaintiff's proof of injury not only to herself but to other small children of tenants of the house, despite admissions of warnings by the superintendent not to play upon the fence, made out a *prima facie* case. (*Bland* v. *Kaufman*, 249 App. Div. 842.) The utility, to the possessor, of maintaining the condition is slight, as compared to the risk to young children involved therein. (Restatement, Law of Torts, vol. 2, § 339.) The sharp pickets on top of the fence might just as well have been so many knives. Through the superintendent, the owner of the apartment house had knowledge that the small children of the tenants played upon and about the fence, and were likely to fall upon the spikes. Although it is true that the doctrine of attractive nuisance does not apply in this State, the court is entitled to take into consideration the well-known propensities of children to climb about and play. The standard of care required of children is at times lower than that which would be required of an adult under the same circumstances. (*Bowers* v. *City Bank Farmers Trust Co.*, 282 N. Y. 442, 446.) The defendant should have known of these things. (3 Warren's Negligence, § 133.)

Plaintiff's proof preponderates over that of defendant's elicited upon cross-examination.

Judgment for the infant plaintiff in the sum of $300. Judgment for the father for medical expenses in the sum of $55.30.