■　James Dinallo, an Infant, by Eleanor De Chiara, His Guardian ad Litem, et al., Appellants, v. Samuel Weiner et al., Respondents.— In an action to recover damages for personal injuries, plaintiffs appeal from a judgment of the Supreme Court, Kings County, in favor of defendants, entered September 5, 1957, upon a dismissal of the complaint directed by the court at the close of plaintiffs' case, during a jury trial. Defendants Weiner and defendant Birdoff owned adjoining premises on Clinton Avenue in the Borough of Brooklyn; defendant Capurso was the owner of adjacent premises on Waverly Avenue; and there was, to some extent, a common rear line between the three parcels. There was a fence in the rear of the Capurso property, between his premises and the Clinton Avenue premises, and there was a clothesline pole on the Clinton Avenue side of the fence. The Clinton Avenue properties had a

common rear yard. The infant plaintiff allegedly was injured because both the fence and the pole swayed and shook and caused him to fall while he was attempting to climb over the fence to go from the Clinton Avenue yard to the Waverly Avenue yard and while he had one foot on a spike in the pole and one foot on the fence. Apparently, the complaint was dismissed against all the defendants on the ground that plaintiffs had failed to prove: (1) on whose property the fence and pole were located, or (2) that those structures were defective or unsafe, or (3) that defendants had notice of the dangerous condition. Judgment, insofar as it dismisses the complaint as against defendants Weiner and defendant Birdoff, affirmed, without costs. Judgment, insofar as it dismisses the complaint as against defendant Capurso reversed, the action severed, and a new trial granted, with costs to plaintiffs to abide the event. The complaint was properly dismissed as to defendant Birdoff, as there was a complete absence of proof that he owned the property on which the fence or the pole was located, or that he exercised any control over those structures. We are also of the opinion that the complaint was properly dismissed as to the defendants Weiner, although not for the reasons apparently assigned by the trial court. (Cf. *Ward* v. *Hasbrouck,* 169 N. Y. 407, 420; *Erie R. R. Co.* v. *International Ry. Co.,* 209 App. Div. 380, 384, affd. 239 N. Y. 598.) As to the Weiner defendants, there was sufficient proof that the pole, at least in part, was on their property; that it was in a decayed and dangerous condition; and that they should have been aware of such condition (cf. *Tuttle* v. *Gold,* 3 A D 2d 760). However, the record also establishes that the infant plaintiff was a trespasser or bare licensee on their property, and it is devoid of any proof sufficient to warrant a finding that they breached a duty owed to him. (*Carbone* v. *Mackchil Realty Corp.,* 296 N. Y. 154; *Nicoletti* v. *General Linen Supply Laundry Co.,* 285 App. Div. 957.) In our opinion, however, there was sufficient proof from which the jury could have found: (1) that defendant Capurso exercised dominion and control over the fence and, hence, he was responsible for its condition (cf. *Cullings* v. *Goetz,* 256 N. Y. 287, 290; *Scudero* v. *Campbell,* 288 N. Y. 328); (2) that the infant plaintiff, his grandson, who resided in said defendant's building with his mother, was an invitee on the premises to whom said defendant owed the duty of maintaining the premises, including the fence, in a reasonably safe condition (cf. *Murtha* v. *Ridley,* 232 N. Y. 488; *D'Angelo* v. *Luray Realty Corp.,* 272 App. Div. 821, motion for leave to appeal denied 297 N. Y. 1033); (3) that the fence was in a dangerous and defective condition (cf. *O'Connor* v. *Kulerban Holding Corp.,* 152 Misc. 864, affd. 240 App. Div. 957, affd. 265 N. Y. 461; *Brown* v. *City of New York,* 253 N. Y. 552); and (4) that such condition was a proximate cause of the accident (cf. *Sweet* v. *Perkins,* 196 N. Y. 482). The complaint, therefore, should not have been dismissed as against defendant Capurso. Nolan, P. J., Beldock, Kleinfeld, Christ and Pette, JJ., concur.