Milton M. Wecht, J.
On September 1, 1961, plaintiff landlord was granted an increase in rents. On February 27, 1962 defendant revoked such increase, pursuant to its alleged authority under section 5 of chapter 21 of the Laws of 1962 which pro *101 vides for nullification and rescission of any adjustment in maximum rents granted by the State Rent Commission after June 30,1961. Plaintiff then brought an action to declare unconstitutional such action on the part of the State Rent Commission. Defendant now moves to dismiss such complaint under rule 106 of the Rules of Civil Practice, on the ground that it does not set forth a cause of action.
Very recently, the Court of Appeals had under consideration the constitutionality of section 6 of chapter 21 of the Laws of 1962, which prohibited any increase in rents between the effective date of such law, February 17,1962, and May 1,1962. In an opinion reported on the front page of the Law Journal of July 3, 1962, in the case of I. L. F. Y. Co. v. Temporary State Housing Rent Comm. and other companion cases (11 NT 2d 259, 265-266) the court said: ‘ ‘ Freezes and rollbacks of rent increases are * * * historically and constitutionally acceptable * * *. We see nothing unconstitutional about the method chosen by the Legislature.”
This opinion reaffirms what the Court of Appeals said in Teeval Co. v. Stern (301 N. Y. 346, 362): u The State rent control statute was enacted to meet a passing emergency. It does not contemplate a taking of the property of any landlord. Even though it may, now and then, compel an owner to operate his real property at a loss, the statute is not for that reason to be condemned as an arbitrary use of the police power. ’ ’
While under these decisions the Court of Appeals did not directly consider section 5, yet under these decisions, this court feels that the determination would be the same and must be governed by such rulings. This motion will therefore be granted.