■ GEORGE BERNSTEIN, Respondent, v. EL-MAR PAINTING & DECORATING Co., INC., Appellant, and JACK BERMAN et al., Appellants-Respondents.— In an negligence action by a tenant in a multiple dwelling house against its owners, the defendants Berman, and against the defendant corporation, a painting contractor whose employees were engaged in painting the house, to recover damages for personal injury sustained by the tenant when he fell from the contractor's scaffold, which was so suspended in front of the house as partially to obstruct the front-door entrance, and which one of the contractor's employees told the tenant he could use to gain access to the house, the defendants appeal as follows from a judgment of the Supreme Court, Kings County, entered January 16, 1962 after trial: (1) upon a jury's verdict (as reduced by plaintiff's stipulation) in favor of the plaintiff, against all the defendants; and (2) upon the decision of the court in favor of the defendants Berman and against the defendant corporation upon the cross claims against said corporation asserted by the Bermans in their answer, pursuant to section 264 of the Civil Practice Act: (a) the defendant corporation appeals from the whole judgment; and (b) the defendants Berman appeal from so much of the judgment as awarded $25,420.13 to plaintiff against them. On both appeals: Judgment affirmed, with one bill of costs to plaintiff against all the defendants, and with one bill of costs to the defendants Berman against the defendant corporation. No opinion. Beldock, P. J., Ughetta, Kleinfeld, Brennan and Hill, JJ., concur.

■ AMATO CAPARCO, an Infant, by His Guardian ad Litem, ATTILIO CAPARCO, et al., Appellants, v. CITY OF NEW YORK, Respondent.— In a negligence action to recover damages for personal injury, medical expenses and loss of services, resulting from the infant plaintiff's fall from a fence in a public playground which he attempted to climb, the plaintiffs appeal from a judgment of the Supreme Court, Kings County, entered December 7, 1961 after a jury trial, which dismissed the complaint at the end of plaintiffs' case. Judgment reversed on the law, and a new trial granted, with costs to plaintiffs to abide the event. In our opinion, plaintiffs made out a prima facie case. It was error therefore to dismiss the complaint as a matter of law. Ughetta, Acting P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.

■ CAPWAY REALTY CORP., Appellant, v. TEMPORARY STATE HOUSING RENT COMMISSION, Respondent, et al., Defendant.— In an action by a landlord (a) to declare void and unconstitutional the Emergency Housing Rent Control Law (L. 1946, ch. 274, as amd.) and particularly its recent amendment (L. 1962, ch. 21); to enjoin their enforcement, and for related relief, the plaintiff appeals from an order of the Supreme Court, Kings County, dated July 11, 1962, which granted the motion of the defendant, Temporary State Housing Rent Commission, to dismiss the complaint for patent insufficiency (Rules Civ. Prac., rule 106, subd. 4). [36 Misc 2d 100.] Pursuant to said amendment (L. 1962, ch. 21), the commission had revoked a rent increase which it had granted to the plaintiff landlord prior to the effective date of said amendment. Order affirmed, without costs. No opinion. Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Rabin, JJ., concur.