JEFFREY KING, an Infant, by His Guardian ad Litem, FLORENCE E. KING, et al., Appellants, *v.* ROTTERDAM SHOPPING CENTER, INC., et al., Respondents.

Third Department, June 23, 1964.

---

*Nicholas J. Grasso* and *George J. Camino* for appellants.

*Bernard Helfenstein* (*Herbert Minster* and *Murphy, Aldrich, Guy, Broderick & Simon* of counsel), for Rotterdam Shopping Center, Inc., respondent.

*Donohue, Bohl & Clayton* (*Myron Komar* of counsel), for S. George Gordon, respondent.

HERLIHY, J. The complaint alleged in part that the wall upon which the infant plaintiff was playing at the time of his fall was built, maintained and controlled by the defendant Rotterdam Shopping Center, with the permission of the defendant Gordon, along the property dividing line.

It is further alleged that the defendants had knowledge of the said dangerous condition of the wall, permitted children to play thereon and that they negligently failed to properly improve the condition or to prevent children from using the wall.

These allegations are sufficiently broad to permit proof at the time of the trial that the retaining wall was improperly constructed and/or that a dangerous condition existed as a result of its construction.

The defendant Gordon interposed an answer containing general denials, but the defendant Rotterdam, after generally denying the allegations of the complaint, filed a cross complaint against defendant Gordon which alleged that he owned and controlled the wall, and asked that in the event of a judgment, the rights of the defendants be determined pursuant to CPLR 3019 (subd. [b]) (formerly Civ. Prac. Act, § 264).

After joinder of issue, the infant plaintiff was examined before trial which, in sum, showed that he was 12 years of age; that he went to the shopping center to meet his brother who was there on business; that to reach the wall he went through the front of the shopping center and then went around back; that while waiting for his brother he was playing on the wall with a friend, whose radio fell, and in attempting to retrieve

it, plaintiff fell from the wall onto the Gordon property, striking a stake used to hold up lily plants, and received the injuries complained of. The infant plaintiff testified that the wall on the Rotterdam side was approximately 3 feet high and in the appellants' brief it is alleged, without dispute, that the retaining wall on the Gordon side was 9 feet, 10 inches high.

Special Term concluded that there was no actionable negligence against either of the defendants. The court further determined that there were no allegations of negligence as to any defects in the wall or faulty construction thereof and that infant plaintiff " at best " was a licensee but if it should be determined that he was an invitee " reasonable care only is required " and " there is no proof of any structural defect or active negligence on the part of the defendants ". The authorities relied upon by Special Term are precedents for setting aside verdicts and dismissing the complaints after a plenary trial.

If there is a factual issue, summary judgment should be denied. (*Di Sabato* v. *Soffes,* 9 A D 2d 297; *Eagle* v. *Janoff,* 12 A D 2d 638; *Cooper* v. *Greyhound Bus Corp.,* 13 A D 2d 173; *Stearns* v. *City of Poughkeepsie,* 19 A D 2d 901.) From this record, it may not be concluded as a matter of law that actionable negligence did not exist which is what is required if summary judgment is to be granted.

The limited testimony of the infant plaintiff on the examination before trial is not sufficient to foreclose a factual issue regarding the happening of the accident, or to determine his status as a licensee or invitee.

Whether the defendant Rotterdam or the defendant Gordon, or both, constructed, owned, maintained or controlled the retaining wall is a question of fact.

Whether the defendants had knowledge that children congregated and played on the retaining wall is a question of fact.

Whether the defendants permitted children to congregate and play on the retaining wall is a question of fact.

Whether the defendants failed to stop children from playing on the retaining wall is a question of fact.

Whether the retaining wall as constructed was improper and as such constituted a dangerous condition, in that there appeared to be a substantial drop to Gordon's property, is a question of fact.

Whether the retaining wall was improperly constructed in that it did not have a railing across its top is a question of fact.

Whether the defendants had knowledge of the said dangerous condition of the retaining wall is a question of fact.

Whether the defendants failed to properly improve said dangerous condition is a question of fact.

Whether the act of the infant plaintiff was contributory negligence must be determined, his age, intelligence, experience and the circumstances of the accident must be taken into consideration.

We infer that prior to building the retaining wall there had been a gradual slope from the defendant Rotterdam's property to the defendant Gordon's property and that the construction of the wall substantially changed the contour of the land.

These queries, and there may be others, raise possible issues of fact as to the negligence of the defendants and show "facts sufficient to require a trial". (CPLR 3212, subd. [b].)

In the affidavit of defendant Rotterdam it was stated "that on the argument of the motion, a photograph or photographs, fairly and accurately depicting and portraying the wall in question, will be made available, and it will be seen therefrom that a perfectly good and solid and safe wall separated the real property of the respective defendants". We note that there are no photographs before the court on this appeal.

The pleadings and affidavits of the movant parties demonstrate the existence of arguable issues which preclude granting summary judgment.

The cause of action, as alleged in the complaint, would appear to be governed by *Mayer* v. *Temple Props.* (307 N. Y. 559); *Levine* v. *City of New York* (309 N. Y. 88) and *Soto* v. *City of New York* (9 N Y 2d 683).

Judgment and order should be reversed on the law and the facts and the motions denied.

REYNOLDS, J. (dissenting). The majority of this court has found "arguable issues which preclude summary judgment." I cannot agree. Even assuming the infant plaintiff were an invitee, the defendants' duty was at most to use reasonable care in keeping their premises in a reasonably safe condition. This test the defendants have met. The injury was not due to any defect in the structure of the wall, i.e., no loose bricks or stones fell on him nor did any portion of the wall give way and thus cause him to topple (*Carbone* v. *Mackchil Realty Corp.*, 296 N. Y. 154). Nor was the injury due to the design of the wall, i.e., sharpened spikes or broken glass (*O'Driscoll* v. *Metropolitan Life Ins. Co.*, 178 Misc. 372). Plaintiff simply

fell from the wall. On what theory then can the defendants be held liable? We do not have the attractive nuisance doctrine in this State (*Morse* v. *Buffalo Tank Corp.*, 280 N. Y. 110) and even if we take into consideration children's propensities to climb about and play (*Collentine* v. *City of New York*, 279 N. Y. 119) and recognize that the standard of care owing to a child is higher than that owing to an adult (*Gloshinsky* v. *Bergen Mills Transp. Co.*, 279 N. Y. 54), this plaintiff would still be precluded from recovery. As stated by the Supreme Court of Minnesota in *Kayser* v. *Lindell* (73 Minn. 123, 126): "It is true that, if the owner of premises keeps upon them a concealed trap, and a person coming upon the premises by invitation is injured thereby, he may recover. But there was no mantrap in this case. The wall was plain to be seen. The child knew it was there, and fell off of it in the daytime. While the owner of premises may owe more duty to a child than to an adult coming upon his premises by implied invitation, yet he is not bound to guard every stairway, cellarway, retaining wall, shed, tree and open window on his premises, so that such a child cannot climb to a precipitous place and fall off." The courts of this State and others have been in accord (see *McCann* v. *City of New York*, 270 App. Div. 1040, affd. 296 N. Y. 886; *Albert* v. *City of New York*, 75 App. Div. 553; *State ex rel. Kansas City* v. *Ellison*, 281 Mo. 667; *Callahan* v. *Buttrey*, 186 F. Supp. 715; *Schiavone* v. *Falango*, 149 Conn. 293). In *Schiavone* (p. 298) the Supreme Court of Errors of Connecticut stated: "The ordinary conduct of business * * * requires the use of stairways, wall, fences, tools, appliances and conditions essential to its proper operation and maintenance. The landowner cannot be held to be an insurer of the safety of young children who suffer injury from a normally innocuous condition on his property. To impose liability in such cases would cause an intolerable burden and one which could not be sustained through any process of logical reasoning. *Jarvis* v. *Howard*, 310 Ky. 38, 42, 219 S. W. 2d 958; Prosser, Torts (2d Ed.) p. 444." Further as to defendant Gordon it would appear that the infant plaintiff was a trespasser or at best a licensee. In either category, plaintiff could recover here only if the injury resulted from a trap set by the landowner. (*Carbone* v. *Mackchil Realty Corp., supra.*) The stick supporting the lily plant simply was not such a defect or a trap. It was open for all to see. To hold the landowner negligent would prevent landowners in general from utilizing their rights of ownership.

The judgment should be affirmed.

GIBSON, P. J., TAYLOR and AULISI, JJ., concur with HERLIHY, J.; REYNOLDS, J., dissents and votes to affirm, in opinion.

Judgment and order reversed, on the law and the facts, and motions denied, with costs to appellants.