■ MONICA ROGAN, an Infant, by Her Parent and Natural Guardian, ROBERT ROGAN, et al., Appellants, v FEDERATED DEPARTMENT STORES, INC., et al., Respondents.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Graci, J.), entered February 26, 1986, which, upon a jury verdict, is in favor of the defendants.

Ordered that the judgment is affirmed, with costs.

In this action, the infant plaintiff is seeking to recover damages for personal injuries allegedly suffered when she fell at a clothing store operated by the defendants.

At trial, the infant plaintiff's mother testified that on June 14, 1982, her daughter, then 3½ years old, "fell into [a] glass display" located at the defendants' store. On direct examination, this witness testified that the infant plaintiff tripped on the edge of a "worn out" and "torn" rug or carpet, and fell "straight into the glass display cubicle". However, this witness also testified that at the time of the accident, the infant plaintiff was walking from the carpeted area to the tiled portion of the floor. It was also established that this witness had testified at a prior deposition that she "turned around"

after her daughter had tripped, thus calling into question the credibility of her trial testimony that she actually observed how the accident occurred.

Several photographs of the scene of the accident were identified by this witness. We have reviewed these photographs, which were annexed to the record prepared by the plaintiffs and are unable to discern any apparent defect on the premises. The witness testified that she and her husband were present when, on the day following the accident, the photographs of the scene were taken. She stated that no "close-ups" of the alleged tear were taken.

The plaintiffs also produced an expert witness. His opinion was based on a review of the pretrial depositions and the photographs referred to above. He claimed that after examining one of the photographs through a "jeweler's look" *[sic]*, he detected "a frayed rug * * * a lifted rug". He stated that the area in question was unsafe because the edge of the carpet should have been covered with a "metallic runner strip". There was very little, if any, elaboration as to the scientific basis for this conclusory allegation. On cross-examination, this witness admitted that the alleged defective condition cannot be seen in any of the photographs without the assistance of an "optical device".

After the conclusion of cross-examination, the court allowed the plaintiffs' counsel to make an offer of proof as to his proposal to offer further expert testimony as to alleged defects inherent in the arrangement of the aisles and the cubicles in the store, and in the material used in the manufacture of the cubicles. The court expressed its view that such testimony would not be relevant, but did not prevent the plaintiffs' counsel from making the offer of proof; rather, the record indicates that the offer of proof was abandoned.

The defendants called two witnesses. Both of the defense witnesses testified that they had observed the infant plaintiff running around in circles just prior to the accident. However, the court granted the plaintiffs' motion to strike the testimony on the ground that the infant plaintiff was *non sui juris,* thereby precluding consideration of comparative negligence.

Based on our review of all the evidence, we conclude that none of the alleged errors made by the trial court are of sufficient magnitude to warrant a new trial. The testimony of the plaintiffs' expert was so conclusory as to be completely unpersuasive. Further, the only proof that a dangerous condition even existed was the expert's opinion that a metal strip

should have been placed along the line where the carpet area met the tiled floor, yet it is most difficult to understand how this supposed defect could have caused the infant plaintiff's accident, since the uncontradicted testimony of the infant plaintiff's mother was that the infant plaintiff was moving from the carpeted area to the tile floor at the time of the accident. Accordingly, given the extreme weakness of the plaintiffs' evidence, both with respect to negligence and with respect to causation, we conclude that any error in the court's evidentiary rulings was clearly harmless (see, 2A Weinstein-Korn-Miller, NY Civ Prac ¶ 2002.02; see also, Cotter v Mercedes-Benz Manhattan, 108 AD2d 173, 180; Fisch, New York Evidence § 25 [2d ed]). Bracken, J. P., Kunzeman, Spatt and Harwood, JJ., concur.