■ KARA KOPPEL et al., Respondents, v HEBREW ACADEMY OF FIVE TOWNS et al., Appellants. [594 NYS2d 310] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Nassau County (Molloy, J.), dated October 5, 1990, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

As the infant plaintiff was climbing upon a 10-foot cyclone fence surrounding the defendants' property, she cut her hands on what plaintiffs allege to be the very sharp ends of the top of the fence.

The plaintiffs commenced this action, asserting, among other things, that the defendants knew or should have known that children climbed on the fence frequently, and that they caused or permitted the fence to be in a negligent and/or dangerous condition.

The defendants moved for summary judgment dismissing the complaint. The Supreme Court denied the motion, finding that the defendants failed to meet their burden of entitlement to summary judgment. We disagree and reverse.

A landowner has a duty to act reasonably, maintaining its property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk *(see, Basso v Miller,* 40 NY2d 233, 241).

The infant plaintiff attempted to climb over the top of a 10-foot fence which, by the plaintiffs' own admissions, had visibly "razor sharp" and "dagger like ends". There is no claim, or factual support for any claim, that the sharp edges were hidden or concealed or not fully obvious. Under the circumstances of this case, the defendants breached no duty to the infant plaintiff, and we decline to impose upon the defendants a duty to protect against actions of the kind involved here.

We also note that the purpose of a 10-foot high fence with obviously sharp edges is to keep people out of the fenced-in premises. To hold that a landowner must maintain a fence so as to make it safe to climb over would encourage people to do so, and would defeat the very purpose of the fence. Moreover, an easily maneuverable fence might even invite other types of lawsuits for failure to adequately deter trespassers (see, e.g., Annotation, *Duty of Landowner to Erect Fence, or Other Device to Deter Trespassing Children from Entering Third Person's Property on which Dangerous Condition Exists,* 39 ALR2d 1452, 1455). Accordingly, the defendants are entitled to summary judgment dismissing the complaint. Thompson, J. P., Rosenblatt, and Miller, JJ., concur.

Lawrence, J., dissents and votes to affirm, with the following memorandum: I respectfully disagree with the majority's conclusion that the defendants are entitled to summary judgment dismissing the complaint, on the ground that it was not foreseeable that a child would attempt to climb its fence.

On October 23, 1983, the infant plaintiff Kara Koppel, then 14 years old, was injured while attempting to help a young boy off the defendants' fence, which surrounded the defendant's schoolyard and playground and was adjacent to the public sidewalk. The boy had started to climb the fence to retrieve a ball in the defendants' playground, and allegedly became endangered by sharp pointed metal on the upper portion of the fence. Kara cut her hands severely when she climbed the fence to assist the boy. In their complaint, Kara and her father alleged that for an extended period of time prior to the accident, children frequently climbed, played on, and used the fence. In addition, the fence was said to be "an ultrahazardous condition" and "a trap and a nuisance at a place where children might reasonably be expected to be".

In support of its motion for summary judgment, the defendants' director submitted an affidavit in which he merely stated that the 10-foot cyclone fence "was in good repair and not defective in any way". In opposition, both plaintiffs sub-

mitted affidavits asserting that they had personally observed children frequently playing in and around the area of the fence, as well as climbing the fence. They further stated that since 1981 the fence had been in a dangerous condition in that it had "razor sharp" metal ends bent out of shape, twisted from their normal position and projecting like "daggers" toward a child climbing the fence. Although children reportedly played in the schoolyard every day, no one ever warned them to stay away or prevented them from climbing the fence. The court denied the defendants' motion for summary judgment, remarking that the defendants' affidavit was "conclusory in nature and insufficient" to establish that the fence was in good repair and not defective.

In reversing, the majority does not challenge the Supreme Court's finding that the defendants failed to present evidentiary proof sufficient to demonstrate that the fence was in good repair. Nor does the majority deny that the plaintiffs have submitted evidence sufficient to raise questions of fact as to whether the fence was dangerous or defective. Rather, the majority concludes that the defendants are entitled to summary judgment because the defendants owed no duty of care to the infant plaintiff. I cannot agree.

It is fundamental that landowners have a general duty to use reasonable care to prevent the occurrence of foreseeable injuries *(see, Basso v Miller,* 40 NY2d 233, 241). "For the purpose of establishing a prima facie case of negligence, a plaintiff must demonstrate that the negligence of the defendant 'was a substantial cause of the events which produced the injury', and, where there is an intervening act which also contributes to the injury, 'liability turns upon whether the intervening act is a normal or foreseeable consequence of the situation created by the defendant's negligence' " *(Cruz v New York City Tr. Auth.,* 136 AD2d 196, 199, quoting *Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315).

Moreover, a long line of cases has held that "[i]t is considered foreseeable that children will enter upon premises and 'climb about and play' * * * often in ways that imperil their safety" *(Diven v Village of Hastings-on-Hudson,* 156 AD2d 538, 539, quoting *Collentine v City of New York,* 279 NY 119, 125; *see also, Scurti v City of New York,* 40 NY2d 433, 442; *Abdur-Rashid v Consolidated Rail Corp.,* 135 AD2d 208, 210). Thus, "the care owing to an infant * * * may well be greater than that owing to an adult under similar circumstances" *(Hetzel v Buffalo Cemetery Assn.,* 16 AD2d 581, 583; *see also, Barker v Parnossa, Inc.,* 39 NY2d 926, 931 [Breitel, J., concur-

ring] ["maturity, experience and judgment of a particular child" with regard to a particular risk is "ordinarily a question of fact"]; 3 Warren's Negligence, Children, § 2.01). Further, an infant is not necessarily precluded from recovering damages simply because she enters property without permission or misuses an instrumentality *(see, Barker v Parnossa, Inc., supra,* at 927, citing *Basso v Miller, supra; Cruz v New York City Tr. Auth., supra).*

Applying these principles, the courts have held that defendants were not entitled to judgment as a matter of law where it was alleged, for example, that (1) a five-year-old plaintiff, playing a game of "tight rope walking" on top of a fence, fell on sharp pickets the defendants had inserted on the fence to deter children from playing there *(O'Driscoll v Metropolitan Life Ins. Co.,* 178 Misc 372 [risk to children outweighed utility of sharp pickets]), (2) a nine-year-old plaintiff fell through a skylight from a roof where children frequently played *(Bowers v City Bank Farmers Trust Co.,* 282 NY 442, 446 ["jury was 'entitled to take into consideration the well-known propensities of children to climb about and play' "]), (3) an infant plaintiff fell on iron picket of a gate that the defendants had installed to prevent children from playing on the stairway *(Noreck v Fronczak,* 294 NY 751), (4) a 12-year-old plaintiff fell from a wall dividing property *(King v Rotterdam Shopping Ctr.,* 21 AD2d 387 [question of fact whether defendants knew children played on wall and whether wall was improperly constructed]), (5) an infant plaintiff fell from a fence surrounding a public playground *(Caparco v City of New York,* 18 AD2d 687), and (6) a 10-year-old plaintiff fell from a railing where children frequently played *(Levine v City of New York,* 309 NY 88).

In the instant case, it is undisputed that the fence surrounds a schoolyard and a playground and is adjacent to a public sidewalk. In addition, the plaintiffs, who live nearby, claim that for a long time prior to the accident they had frequently observed children playing around and climbing upon the fence. Thus, there is ample evidence to conclude that the defendants should have known that children climb the fence. I find no merit to the majority's reasoning that, because the fence had visibly "razor sharp" and "dagger like ends", the defendants therefore breached no duty to the infant plaintiff. First, the plaintiff never admitted the fence's defects were so visible that she was able to see them before she was injured. Moreover, the majority's analysis ignores the infant plaintiff's claim that she was attempting to rescue a young

boy who was in distress *(see,* 3 Warren's Negligence, Children, § 2.01).

For the foregoing reasons, I would affirm the order denying the defendants summary judgment.