■ JAIME RIZZI, an Infant, by Her Mother and Natural Guardian, LORRI RIZZI, et al., Appellants, v SCARSDALE LEASING CORP. et al., Respondents, et al., Defendants. [637 NYS2d 470] —In a negligence action, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Ingrassia, J.), entered September 29, 1994, which granted the motion of the defendants Scarsdale Leasing Corp. and Scarsdale Golf Club, Inc., for summary judgment dismissing the complaint as against them.

Ordered that the order is affirmed, with costs.

On December 10, 1989, the infant plaintiff Jaime Rizzi, who was then 13 years old, and her six-year-old sister were visiting their friend, the defendant Salvatore Altieri, who was 11 years old. The youngsters took some golf clubs and golf balls from the Altieri house and went about 20 to 30 feet onto the golf course of the defendants Scarsdale Leasing Corp. and Scarsdale Golf Club, Inc. (hereinafter the Scarsdale defendants), which abutted the Altieri yard. The three children had gained access to the golf course by going through a hole in the chainlink fence that separated the golf course from the abutting properties. When Salvatore hit his ball, he hit the infant plaintiff in the eye with the club on the follow through of his swing. The plaintiffs sued the Scardsale defendants, and the Supreme Court granted the motion of those defendants for summary judgment.

The plaintiffs contend that the negligence of the Scarsdale defendants in failing to repair the hole in the fence was a proximate cause of the infant plaintiff's injuries. We disagree. Even if we assume that the Scarsdale defendants were negligent in maintaining the fence, there is no causal connection between the alleged breach of duty by those defendants and the injury which Salvatore caused the infant plaintiff.

It is firmly established that "[a]n intervening act will be deemed a superseding cause and will serve to relieve [the] defendant of liability when the act is of such an extraordinary nature or so attenuates [the] defendants' negligence from the ultimate injury that responsibility for the injury may not be reasonably attributed to the defendant" (*Kush v City of Buffalo*, 59 NY2d 26, 33). In this case, any failure to repair the fence, as a matter of law, was not a proximate cause of the infant plaintiff's injuries (*see, Elardo v Town of Oyster Bay*, 176 AD2d 912; *Hessner v Laporte*, 171 AD2d 999; *O'Britis v Peninsula Golf Course*, 143 AD2d 123). Rosenblatt, J. P., Hart, Krausman and Goldstein, JJ., concur.