■ Sophia Dabnis et al., Appellants, v West Islip Public Library, Respondent, et al., Defendants. [846 NYS2d 331]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Doyle, J.), dated July 20, 2006, which granted the motion of the defendant West Islip Public Library for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The infant plaintiff, then 1½ years old, was allegedly injured as a result of an unexplained fall while "toddling" in an aisle at the defendant West Islip Public Library (hereinafter the Library). Upon falling, the infant plaintiff struck her head on a

fixed metal shelf divider on a library bookshelf. The infant plaintiff and her mother, the plaintiff Christa Dabnis, commenced this action against the Library, among others, alleging that the Library was negligent in placing a divider with sharp unprotected edges in a section of the library designated for children. The Library successfully moved for summary judgment dismissing the complaint insofar as asserted against it. We affirm.

To establish a prima facie case of negligence, a plaintiff must demonstrate the existence of a duty owed by the defendant to the plaintiff, a breach of that duty, and that the breach was a proximate cause of the plaintiff's injury (see *Pulka v Edelman*, 40 NY2d 781, 782 [1976]; *Kipybida v Good Samaritan Hosp.*, 35 AD3d 544, 545 [2006]). Owners and business proprietors have a duty to maintain their property " 'in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk' " (*Peralta v Henriquez*, 100 NY2d 139, 144 [2003], quoting *Basso v Miller*, 40 NY2d 233, 241 [1976]; *see Koppel v Hebrew Academy of Five Towns*, 191 AD2d 415 [1993]).

The Supreme Court properly held that the Library established its prima facie entitlement to judgment as a matter of law, since its property was in a reasonably safe condition, and it breached no duty to the infant plaintiff (see *Rygel v 8750 Bay Parkway, LLC*, 16 AD3d 572 [2005]). There is no contention, or factual support for any contention, that the metal dividers were hidden or concealed, or caused the infant plaintiff's fall. Indeed, the plaintiffs failed to elucidate the cause of the infant plaintiff's fall in the first instance (see *Hennington v Ellington*, 22 AD3d 721 [2005]; *Tejada v Jonas*, 17 AD3d 448 [2005]; *Burnstein v Mandalay Caterers*, 306 AD2d 428 [2003]). As such, the plaintiffs, in opposing the motion, failed to raise a triable issue of fact with respect to negligence and proximate cause (see *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Rogan v Federated Dept. Stores*, 141 AD2d 522 [1988]). Schmidt, J.P., Rivera, Florio and Balkin, JJ., concur.