■ BRIANNA DALAL HAMDAN, an Infant, by Her Mother and Natural Guardian, RAQUEL RIVERA-HAMDAN, et al., Respondents, v MOSHOLU-MONTEFIORE COMMUNITY CENTER, Appellant. [851 NYS2d 171]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered March 19, 2007, which denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

The infant plaintiff was injured when she lost her balance walking in her classroom in a day care center operated by defendant and fell, striking her right eyebrow on the edge of a shelving unit in which toys were kept. Plaintiffs claim defendant created a dangerous condition by placing a "toy shelf" with sharp edges in a children's classroom, in violation of New York City Health Code (24 RCNY) § 47.35 (g), which mandates that "[p]lay equipment" be "free from hazards such as sharp edges." Defendant established its entitlement to summary judgment by demonstrating that there is no evidence indicating the cause of the infant plaintiff's fall, that the property was in a reasonably safe condition, and that there is no evidence that the edges of the shelves were hidden or defective, or caused the infant plaintiff's fall (*see Dabnis v West Islip Pub. Lib.*, 45 AD3d 802 [2007]). Plaintiffs' citation to the Health Code raises no triable issue, because the shelving unit constitutes furniture, not play equipment (*compare* 24 RCNY 47.35 [g] *with* 24 RCNY 47.35 [d]; 45.13 [b]). Plaintiffs' expert's affidavit fails to raise a triable issue because the expert never examined the unit and there is no evidence in the record that its edges were sharp (*see Santoni v Bertelsmann Prop., Inc.*, 21 AD3d 712, 714-715 [2005]).

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Andrias, J.P., Nardelli, Williams, McGuire and Acosta, JJ.