■ JAMES J. ROMANO, Respondent, v OMEGA MOULDING COMPANY LTD., Respondent, and A & M TRADING CO., INC., Appellant. [871 NYS2d 235]—

The plaintiff and the defendant Omega Moulding Company Ltd. (hereinafter Omega) each leased space in a warehouse in Commack, which was owned by the appellant landowner A & M Trading Co., Inc. Omega used its space to store boxes containing wood moulding, each of which weighed approximately 75 pounds. On the morning of March 19, 2003 the plaintiff was injured when he was struck by such a box, which was being removed by employees of Omega who were conducting an inventory. The plaintiff alleged that the methods used by Omega's employees to remove the boxes from the storage racks were unsafe.

" 'A landowner must act as a reasonable [person] in maintaining his [or her] property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk' " (*Peralta v Henriquez*, 100 NY2d 139, 144 [2003], quoting *Basso v Miller*, 40 NY2d 233, 241 [1976]; *see Cupo v Karfunkel*, 1 AD3d 48, 51 [2003]). The appellant landowner established, prima facie, that the accident and resulting injuries sustained by the plaintiff were not proximately caused by any negligence on its part in failing to maintain the premises in a safe condition (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). In opposition, the plaintiff failed to raise a triable issue of fact (*see* CPLR 3212 [b]). Accordingly, the Supreme Court should have granted the appellant landowner's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Rivera, J.P., Angiolillo, Eng and Belen, JJ., concur.