EDWARD WILLIAMS et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants, et al., Defendants. [870 NYS2d 456]—

The 13-year-old plaintiff Edward Williams (hereinafter the infant plaintiff) entered a construction area on the Franklin Avenue Shuttle tracks through a gap in a fence at the Lincoln Place overpass (hereinafter the Lincoln Place fence). He then walked one block to the Eastern Parkway overpass where he attempted to climb a second fence (hereinafter the Eastern Parkway fence). The Eastern Parkway fence allegedly shifted, and the infant plaintiff fell approximately 20 feet to the track bed, sustaining injuries.

In response to the appellants' respective prima facie showings of entitlement to judgment as a matter of law (see *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]), the plaintiffs established the existence of triable issues of fact. Contrary to our dissenting colleague's conclusion, triable issues of fact exist, inter alia, as to who owned and/or was responsible for maintaining both the Lincoln Place fence and the Eastern Parkway fence and whether a failure to maintain the same proximately caused the infant plaintiff's injuries.

We disagree with the dissent's conclusion that, as a matter of law, the alleged failure to maintain the Lincoln Place fence was not a proximate cause of the infant plaintiff's injuries. Proximate

cause is generally a question to be decided by the finder of fact (*see Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]). In the instant case, the question of proximate cause cannot be resolved as a matter of law. Furthermore, the infant plaintiff's conduct was not so extraordinary or unforeseeable as to constitute a superseding event that severed the causal connection between the alleged negligence and the injuries (*see Canela v Audobon Gardens Realty Corp.*, 304 AD2d 702, 703 [2003]), especially given the "known propensities of children to roam, climb, and play, often in ways that imperil their safety" (*Sarbak v Sementilli*, 51 AD3d 1001, 1002 [2008]).

Similarly, we are not persuaded by the dissent's assertion that the appellants did not breach a duty to the plaintiffs with respect to the Eastern Parkway fence. A landowner or a party responsible for maintaining a fence in a reasonably safe condition may be liable to a plaintiff who is injured while attempting to climb the fence, where the evidence establishes that the fence was in "a dangerous and defective condition" and that such condition was a proximate cause of the plaintiff's accident (*Dinallo v Weiner*, 12 AD2d 637, 638 [1960]).

The case relied upon by the dissent, *Koppel v Hebrew Academy of Five Towns* (191 AD2d 415 [1993]), is distinguishable. In *Koppel*, the infant plaintiff cut her hands while attempting to climb over the top of a fence with "razor sharp" ends, and there was no indication that the fence was improperly maintained. In contrast, herein, the infant plaintiff described the Eastern Parkway fence as having "holes in it" and "coming apart" from the poles.

Accordingly, the appellants were not entitled to summary judgment dismissing the complaint and all cross claims insofar as asserted against them. Rivera, J.P., Eng and Chambers, JJ., concur.

Lifson, J. (dissenting and voting to reverse the order appealed from and to grant the separate motions of the defendants New York City Transit Authority, City of New York, Schiavone Construction Co., Inc., Judlau Contracting, Inc., and CAB Associates for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, with the following memorandum): I would grant the separate motions of the appellants for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The plaintiff's theory of the case against the appellants, all of whom were allegedly involved in performing renovation work on the Franklin Avenue Shuttle line at the time of the accident, is that the fence on the Lincoln Place overpass (hereinafter the Lincoln Place fence) was negligently maintained so as to permit the

plaintiff to access the construction area, and that the fence on the Eastern Parkway overpass (hereinafter the Eastern Parkway fence) was negligently maintained in an unsafe condition, such that it shifted when the plaintiff attempted to climb over it.

In my view, no liability can be premised upon the theory that the Lincoln Place fence was negligently maintained allowing the infant plaintiff to access the construction area. To be actionable, "the negligence complained of must have caused the occurrence of the accident from which the injuries flow" (*Rivera v City of New York,* 11 NY2d 856, 857 [1962]). Here, the alleged failure to repair the Lincoln Place fence, as a matter of law, was not a proximate cause of the infant plaintiff's injuries (*see Rizzi v Scarsdale Leasing Corp.,* 223 AD2d 696 [1996]). At best, the gap in the fence on the Lincoln Place overpass "merely contributed to the setting for the accident—a condition for the occurrence, rather than one of its causes" (*Hoenig v Park Royal Owners,* 249 AD2d 57, 59 [1998]; *see also Lee v New York City Hous. Auth.,* 25 AD3d 214 [2005]).

Moreover, I would conclude that the appellants cannot be held liable for any failure to properly maintain the Eastern Parkway fence, which is alleged to have shifted while the infant plaintiff attempted to climb over it, causing him to fall off the fence. A landowner has a duty to act reasonably and to maintain its property in a reasonably safe condition (*see Basso v Miller,* 40 NY2d 233 [1976]). This Court has previously recognized, however, that a landowner does not have a duty to maintain a fence, the purpose of which is to keep people out, in such condition that it can be safely climbed over (*see Koppel v Hebrew Academy of Five Towns,* 191 AD2d 415 [1993]). Thus, the appellants breached no duty with respect to the Eastern Parkway fence.