NICHOLAS ZAFFARESE, Appellant, v IONA COLLEGE, Respondent. [879 NYS2d 348]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Liebowitz, J.), entered May 19, 2008, which

granted that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant's motion which was to dismiss so much of the first cause of action as was premised on allegations that the defendant had actual or constructive notice of the presence of methicillin resistant staphylococcus aureus bacteria in its athletic facilities and negligently failed to respond thereto, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, with costs to the plaintiff.

The plaintiff, a student athlete, alleges that he contracted a methicillin resistant staphylococcus aureus (hereinafter MRSA) bacterial infection at the athletic facilities of the defendant college. He commenced this action to recover damages for his injuries, and the Supreme Court granted that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action.

Contrary to the plaintiff's contention, the Supreme Court properly granted that branch of the defendant's motion which was to dismiss so much of the first cause of action as alleged that the defendant owed him a duty to maintain its facilities in such a manner that they are free from the MRSA bacteria, and the second cause of action, which alleged that the athletic training personnel employed by the defendant had the duty to routinely screen for the presence of such bacteria, to provide the plaintiff with medical care, and to instruct the plaintiff in precautionary measures to help him avoid contracting a MRSA bacterial infection. These alleged obligations far exceed any legally cognizable duty on the part of the defendant under the circumstances presented (see generally Peralta v Henriquez, 100 NY2d 139 [2003]; Romano v Omega Moulding Co. Ltd., 57 AD3d 873 [2008]; Dabnis v West Islip Pub. Lib., 45 AD3d 802 [2007]).

However, the first cause of action additionally alleges that the defendant had actual or constructive notice of the presence of MRSA bacteria in its athletic facilities and that, notwithstanding such notice, it negligently failed to take reasonable measures with respect thereto. Viewing the complaint in the light most favorable to the plaintiff, and assuming that the factual allegations contained therein are true for the purposes of this motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]; Kaplon-Belo Assoc., Inc. v D'Angelo, 57 AD3d 948 [2008]; Heffez v L & G Gen. Constr., Inc., 56 AD3d 526 [2008]),

we conclude that the complaint states a cause of action to this limited extent only, and modify the order accordingly. Mastro, J.P., Miller, Chambers and Austin, JJ., concur.