G. O. v Town of Orangetown (2022 NY Slip Op 02272)

G. O. v Town of Orangetown

2022 NY Slip Op 02272

Decided on April 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
JOSEPH A. ZAYAS
LARA J. GENOVESI, JJ.

2019-10124
 (Index No. 30541/17)

[*1]G. O., etc., appellant,
v
Town of Orangetown, respondent.

Antin, Ehrlich & Epstein, LLP, New York, NY (Jeffrey S. Antin and Anthony V. Gentile of counsel), for appellant.
Goetz Schenker Blee & Weiderhorn, LLP, New York, NY (Lisa De Lindsay of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Rockland County (Thomas J. Zugibe, J.), dated August 23, 2019. The judgment, upon an order of the same court dated August 20, 2019, granting the defendant's motion for summary judgment dismissing the complaint, is in favor of the defendant and against the plaintiff dismissing the complaint.
ORDERED that the judgment is affirmed, with costs.
The plaintiff, by her father and natural guardian, commenced this action to recover damages for personal injuries, alleging that the defendant failed to construct and maintain a "stone seating area . . . in a safe, proper and secure manner." The defendant moved for summary judgment dismissing the complaint, and in an order dated August 20, 2019, the Supreme Court granted the motion. The court issued a judgment upon the order which is in favor of the defendant and against the plaintiff dismissing the complaint, and the plaintiff appeals.
The defendant established, prima facie, its entitlement to judgment as a matter of law dismissing the complaint (see Peters v City of New York, 61 AD3d 431, 431-432; Dabnis v West Islip Pub. Lib., 45 AD3d 802, 803; Stevenson v Flore Fence Corp., 262 AD2d 550, 550; Koppel v Hebrew Academy of Five Towns, 191 AD2d 415, 416). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320; Rivas-Chirino v Wildlife Conservation Socy., 64 AD3d 556, 558). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.
CONNOLLY, J.P., CHRISTOPHER, ZAYAS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court